UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                        :

JANIE MARCAUREL, et al., individually and  :
on behalf of all others similarly situated,

                        :

            Plaintiffs,  :      21-CV-6199 (VSB)

                        :

     - against -         :       **ORDER**

                        :

                        :

USA WASTE-MANAGEMENT      :
RESOURCES, LLC, et al.,

                        :

          Defendants.  :

                        :

---------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: ___9/3/2021___

VERNON S. BRODERICK, United States District Judge:

      Before me are four putative class actions, each filed by different Plaintiffs, against

Defendant USA Waste-Management Resources, LLC ("WM").[1]  These actions are (1) *Mark*

*Krezner v. USA Waste-Management Resources, LLC*, No. 21-cv-6902-VSB (the "6902 Action");

(2) *Gabriel Fierro v. USA Waste-Management Resources, LLC et al.*, No. 21-cv-6147-VSB (the

"6147 Action"); (3) *Janie Marcaurel et al. v. USA Waste-Management Resources, LLC et al.*,

No. 21-cv-6199-VSB (the "6199 Action"); and (4) *Mary J. Fusilier et al. v. USA Waste-*

*Management Resources, LLC*, No. 21-cv-6257-VSB (the "6257 Action") (collectively, the

"Related Actions").  The Related Actions all assert causes of action arising from a data breach of

WM's computer systems that allegedly occurred "between January 21 and 23, 2021" and

exposed all manner of personal data, including "names, Social Security numbers," "health

---

[1] Two of the four actions also name as a co-defendant Waste Management, Inc.

insurance policy information," and "bank account numbers."  (6902 Action Doc. 1 ¶ 1; 6147

Action Doc. 1 ¶ 7; 6199 Action Doc. 1 ¶ 5; 6257 Action Doc. 1 ¶ 8.)

On August 16, 2021, proposed stipulations and orders were filed in the 6147 Action and

the 6199 Action seeking to (1) consolidate the Related Actions; (2) appoint three law firms as co-

lead counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure; and (3) set certain

scheduling deadlines.  (6147 Action Doc. 12; 6199 Action Doc. 10 (together, the

"Stipulations").)  The Stipulations were signed by counsel for Plaintiffs and counsel for

Defendants in those actions.  (*See id.*)  That same day, Plaintiff in the 6902 Action filed

objections to the Stipulations solely on the grounds that I should not appoint lead counsel in the

manner called for by the Stipulations.  (6147 Action Doc. 11; 6199 Action Doc. 13.)  On August

23, 2021, Plaintiff in the 6902 Action filed a withdrawal of his previous objections, with his

counsel saying this came "[a]s a result of meeting and conferring with counsel for Plaintiffs in

the [other Related] [A]ctions."  (6147 Action Doc. 13; 6199 Action Doc. 17.)

Consolidation is a "valuable and important tool of judicial administration."  *Consorti v.

Armstrong World Indus., Inc.*, 72 F.3d 1003, 1006 (2d Cir. 1995), *vacated on other grounds*, 518

U.S. 1031 (1996).  Under Federal Rule of Civil Procedure 42(a), when separate actions before a

court involve a common question of law or fact, a court is empowered to "consolidate the

actions."  Fed. R. Civ. P. 42(a)(2).  Essentially, Rule 42 is "invoked to expedite trial and

eliminate unnecessary repetition and confusion," *Devlin v. Transp. Commc'n Int'l Union*, 175

F.3d 121, 130 (2d Cir. 1999) (internal quotation marks omitted), and it vests a district court with

broad discretion to consolidate actions, even to do so sua sponte, *see id.*  If judicial resources will

be conserved thereby advancing judicial economy, a district court will generally consolidate

actions.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) ("[C]ourts have

taken the view that considerations of judicial economy favor consolidation."); *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987) ("Considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." (internal quotation marks omitted)).

Here, consolidation is plainly warranted, as the Related Actions each arise from the same event—the alleged data breach of WM's computer systems—and all assert similar theories of named Plaintiffs' and putative class members' entitlement to relief.  Moreover, Plaintiffs to three of the four actions stipulated with Defendants to consolidation, and no party has objected to consolidation.

As such, it is hereby ORDERED that the Related Actions are hereby consolidated.  The parties are directed to make any further filings on the docket for the 6199 Action.  The Clerk of Court is respectfully directed to post a notice on the dockets for each of the Related Actions making reference to consolidation and to this Order.

To the extent the Stipulations seek the appointment of class counsel pursuant to Rule 23(g), that request is DENIED without prejudice.  Instead, any Plaintiff whose counsel seeks to be named interim class counsel shall make a motion and file a brief in support within thirty (30) days of this Order.  If counsel for Plaintiffs remain in agreement as to the appointment of interim co-lead class counsel, they shall make one joint motion and file one joint brief setting forth how the agreement is consistent with the law.  This joint brief should include, among other things, any fee-sharing arrangements reached or envisioned between counsel.  The joint brief should also identify which one of the proposed interim co-lead counsel law firms will serve as liaison counsel with the Court—in situations with multiple law firms acting as co-lead counsel, my preference is to have one law firm act as the single point of contact with the Court.  Any

opposition briefing to a motion to appoint interim class counsel shall be filed no later than forty-five (45) days from the entry of this Order.

Once interim class counsel is appointed, I shall direct interim class counsel to file a consolidated complaint.

In light of this Order, it is further ORDERED that any deadlines to answer the complaints filed in the Related Actions or to otherwise respond are suspended.  Defendants need not answer or otherwise respond until I set further deadlines.

The Clerk of Court is respectfully requested to close the open motions in the 6199 Action at docket number 14, and in the 6257 Action at docket number 15.

SO ORDERED.

Dated: September 3, 2021
      New York, New York

Vernon S. Broderick
United States District Judge